Ryan Hamilton (SBN 291349)
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
Ryan@HamLegal.com

Rory Stevens (SBN 338941)
LAW OFFICE OF RORY L. STEVENS
4303 Southwest Cambridge Street
Seattle, Washington 98136
(206) 850-4444
RoryLawStevensEsq@Gmail.com

Andrew Grimm (*pro hac vice* forthcoming)
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SUPERAMA CORPORATION, INC. D/B/A USA SUMO,<br>*Plaintiff*,<br><br>vs.<br><br>TOKYO BROADCASTING SYSTEM TELEVISION, INC., DOES 1-10,<br>*Defendants*. | Case No. 2:22-cv-00299-FLA-SK<br><br>**Complaint for**<br><br>• **Violations of U.S. Anti-Circumvention Laws, 17 U.S.C. § 1201**<br><br>• **Violations of the Japanese Copyright Act of 1970**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Superama Corporation, Inc., d/b/a USA Sumo ("Superama" or "Plaintiff") for its Complaint against Defendant Tokyo Broadcasting System Television, Inc. and Does 1-10 (collectively "TBS" or "Defendants"), hereby alleges the following:

## I. NATURE OF THE CASE

1. On the merits, this is a relatively simple case of copyright infringement. TBS, a large national broadcaster in Japan, decided it didn't want to do the right thing by paying for a license to use Superama's copyrighted works when it wanted to broadcast them nationally throughout Japan. Broadcasting someone else's video without authorization for commercial use is indisputably copyright infringement. Thus, that there is copyright infringement here is a relatively known fact.

2. Moreover, the central facts relating to infringement are not much in dispute. TBS has admitted that it broadcast derivative versions of Superama's videos on national television in Japan. And, TBS has admitted that it did so without authorization. Thus, the underlying facts of infringement here aren't really in dispute.

3. Yet, because this lawsuit involves one overall scheme of infringement that took both in the U.S. (hacking and YouTube ripping) and one part that took place in Japan (broadcast, reputation harm, *etc.*), it's somewhat more complicated.

## II. PARTIES

4. **Plaintiff.** Superama is a corporation incorporated under the laws of the State of Nevada. Superama's principal place of business and operations is Los Angeles County, California. Superama organizes, stages, presents, promotes, *etc.*, sumo wrestling within the United States. In the course of these operations, Superama creates a number of copyrighted works. Under Japanese law, Superama is both the performer and broadcaster of the copyrighted works it creates in the course of its operations.

5. **Defendants.** On information and belief, TBS is a corporation formed under the laws of Japan. Does 1-10 are corporate or natural persons who assisted TBS in the tortious acts described herein, both in the United States and in Japan.

### III. JURISDICTION & VENUE

6. **Federal Question Jurisdiction.** The U.S. anti-circumvention cause of action arises under a federal law related to copyright. See 17 U.S.C. §§ 1201, 1203. Therefore, this Court has exclusive subject-matter jurisdiction over Superama's federal cause of action. See 28 U.S.C. §§ 1331, 1338(a).

7. **Supplemental Jurisdiction.** The Japanese causes of action for violation of Superama's Japanese economic rights, moral rights, and technological-restriction-measure rights arise under the Japanese Copyright Act of 1970, as amended. These claims are so related to the U.S. anti-circumvention claims as to form part of the same case or controversy. Therefore, this Court has supplemental jurisdiction over the Japanese claims. See 28 U.S.C. § 1367(a). The supplemental jurisdiction of this Court over these Japanese claims is hereby asserted. See 28 U.S.C. § 1367(d).

8. **Personal Jurisdiction.** TBS is subject to the claim-specific jurisdiction of the Superior Court California for its tortious actions here. See Cal. Code Civ. Pro. § 410.10. Therefore, under Federal Rule of Civil Procedure 4(k)(1)(A), this Court will have personal jurisdiction over TBS upon proper service of summons upon it.

9. **Venue.** A substantial part of the events giving rise to the claims asserted herein occurred in Central District of California. Therefore, this Court is a

proper venue.  See 28 U.S.C. § 1391(b)(2).  In the alternative, venue lies here because TBS is subject to the Court's personal jurisdiction with respect to this action.  See 28 U.S.C. § 1391(b)(3).

### IV. STATEMENT OF FACTS

**A. A prior case between Superma and TBS involving U.S. copyright-infringement claims was dismissed for lack of subject-matter jurisdiction.**

10. Superama previously sued TBS in this Court for copyright infringement under the U.S. Copyright Act.  See 17 U.S.C. §§ 106, 501.  This Court dismissed that prior action for lack of subject-matter jurisdiction.  Superama Corp. v. Tokyo Broad. Sys. TV, Inc., No. CV 19-3059-MWF (JCx), 2019 U.S. Dist. LEXIS 219561, at *1 (C.D. Cal. Aug. 20, 2019).  The Ninth Circuit affirmed the dismissal in an unpublished opinion.  Superama Corp., Inc. v. Tokyo Broad. Sys. TV, Inc., 830 F. App'x 821, 822 (9th Cir. 2020).  The rationale for dismissal was that the copyright infringement arose under Japanese law.

11. This case does not assert any claims of U.S. copyright infringement.  Instead, it brings a different cause of action for circumvention of a technological protection measure that is separately actionable and arises under 17 U.S.C. §§ 1201, 1203.  Likewise, this case also brings claims that arise under the Japanese Copyright Act of 1970, as amended, for violations of Japanese economic rights, moral rights, and technological-restriction-measure rights.  None of these claims were asserted in the prior action.

12. The claims asserted herein are not precluded.  Claim preclusion requires a final judgment *on the merits*.  E.g., Herb Reed Enters., LLC v. Fla. Entm't Mgmt., 736 F.3d 1239, 1245 (9th Cir. 2013).  The prior action did not result in a judgment on the merits because it was dismissed for lack of jurisdiction.  Fed. R. Civ. P. 41(b) (A dismissal for "lack of jurisdiction" does not operation as an "adjudication on the merits.").

13. Likewise, none of the issues underlying the claims here are precluded. The prior action related to the facts of infringement, not the prior acts of circumvention and hacking that permitted TBS to conduct its infringement. Moreover, the legal determinations in the prior action were made about issues underlying a claim for U.S. copyright infringement—a type of claim not raised in this action.

14. Accordingly, none of the claims and none of the issues in this action are precluded.

**B. TBS rips Superama's copyrighted works from YouTube and/or its website.**

15. Superama's copyrighted video of its U.S.-based sumo-wrestling tournaments were only available either on YouTube or on Superama's website through an embedded YouTube video.

16. YouTube employs a series of technological protection measures to make it more difficult for viewers to make unauthorized downloads, reproductions, derivatives, *etc.*, of copyrighted works. These technological protection measures applied to Superama's posted works just as they applied to any others posted on YouTube.

17. On information and belief, TBS went to Superama's website and/or its YouTube channel and employed hacking and stream ripping technical to circumvent YouTube's technological protection measures, stripping the work of its technological protection measures.

18. On information and belief, TBS applied these hacking techniques to Superama's servers in the United States, circumventing their U.S.-based protection in order to permit a streamlined and unauthorized download of the work. Although the download itself is a violation of Japanese law because the download is deemed to have happened in Japan, the hacking and ripping of the U.S.-based video occurred here in the U.S.

19. These YouTube technological protection measures effectively controlled access to Superama's work.  They allowed Superama to limit the viewing to their YouTube channel or website—forbidding unauthorized downloads and other reproductions.

## C. TBS hacks Superama's copyrighted works to prepare them for infringement on national television.

20. On information and belief, TBS hacked and format shifted Superama's copyrighted works to render them susceptible to Defendant's further uses and later infringements, *i.e.*, preparation of derivatives and later national broadcast of them.

21. Superama relied upon a number of technological exploitation restriction measures to control and limit how, when, and by whom its copyright protected content could be viewed. Defendant circumvented these technological exploitation restriction measures in the process of its unauthorized acts of infringements and broadcasts of Superama copyright protected content.  These circumventions occurred, on information and belief, after TBS had already ripped the copyrighted works from YouTube.

22. In order facilitate it's infringement of Superama's copyright protected content, TBS ripped the content from those online, internet based sources and reformatted the content so that Defendant could make their unauthorized public broadcast of distorted versions of Superama's copyright protect content.  That process likely included a number of necessary technological steps such as changing file formats and format shifting to render Superama's online video content suitable for and susceptible to TBS' television based broadcast. Format shifting refers to the conversion of media files from one file format into another format.

**D. TBS performs and displays derivatives of Superama's works.**

23. TBS downloaded the Work, without Superama's knowledge or permission from Youtube. It then created and displayed the unauthorized derivative format of the Work. Defendant broadcast throughout the country of Japan its unauthorized, heavily distorted derivative of the Work. The unauthorized derivative was broadcast on prime-time television on a prominent television program. Defendant's derivative distorted the work and provided no credit or copyright notices crediting USA Sumo during the performances and displays of the unauthorized derivatives.

24. These performances and displays of the unauthorized derivative contained distortions of the Work, failures to preserve the integrity of the Work, and were accompanied by extensive misinformation about USA Sumo that were deeply harmful to decades of creating its reputation there.

**E. TBS unauthorized derivatives and performance cause profound harm to Superema's standing, honor, and reputation in Japan.**

25. These nationwide exploitations of the work were prejudicial to the honor or reputation of Superama, especially in the Japanese market.

26. The exploitation of a work in a way that is prejudicial to the honor or reputation of the author is deemed to constitute an infringement of the author's moral rights.

# V. CAUSES OF ACTION
### Violations of the U.S. Digital Millennium Copyright Act
### Injury from Circumvention of a Technological Measure
### that Effectively Controls Access to a Copyrighted Work
### [17 U.S.C. §§ 1201, 1203]

**Claim 1: TBS circumvented of a technological measure that effectively controls access to a copyrighted work.**

27. Superama hereby repeats and realleges paragraphs alleged above.

28. YouTube's restrictions on viewing, reproduction, *etc.* are technological measures that effectively control access to copyrighted works. Cf. 17 U.S.C.§ 1201(a)(3)(A).

29. TBS' successful efforts to descramble, decrypt, avoid, bypass, remove, deactivated, and/or impair YouTube's technological measures circumvented them. Cf. 17 U.S.C. § 1201(a)(3)(A).

30. The works TBS obtained greater access to through its circumvention are protected under Title 17 of the United States Code. Cf. 17 U.S.C. § 102(a).

31. As the copyright holder, Superama is a person injured by such acts. Cf. 17 U.S.C. § 1203(a).

32. **Claim 1:** TBS violated 17 U.S.C. § 1202 by circumventing technological protection measures that protect copyrighted works.

### Violations of the 1970 Copyright Law of Japan
### Technological Protection Measures
### [Articles 113-3, *etc.*]

**Claim 2: TBS circumvented copyright protection measures even after it ripped and downloaded from U.S.-based servers to its own servers.**

33. Superama hereby repeats and realleges paragraphs alleged above.

34. The Japanese copyright act forbids the circumvention of technological restriction measures for commercial purpose.

35. On information and belief, TBS circumvented those measures in Superama's files even it had downloaded the copyrighted works from U.S.-based servers.
36. **Claim 2:** TBS violated Japanese anti-circumventions laws.

**Violations of the 1970 Copyright Law of Japan**
**Economic Rights Violations**
**[Articles 21, 22, 22-2, 23, 24, 25, 26, 27, 28, 91, 92, 95, 96, 96-2, *etc.*]**

**Claim 3: TBS infringed Superama's Japanese economic rights by downloading, preparing derivatives, publicly performing, *etc.***

37. Superama hereby repeats and realleges paragraphs alleged above.
38. Under Japanese law, Superama is the copyright owner of the copyrighted works at issue here.
39. Superama did not authorize TBS to undertake any acts that require authorization under the Japanese copyright act.
40. TBS undertook those acts, including but not limited to reproducing the works, preparing derivatives of the works, publicly broadcasting the works, making those works available, *etc.*
41. **Claim 3:** TBS infringed Superama's Japanese economic rights.

**Violations of the 1970 Copyright Law of Japan**
**Moral Rights Violations for Attribution, Integrity,**
**[Articles 18, 19, 20 90-2, 90-3, *etc.*]**

**Claim 4: TBS infringed Superama's Japanese moral rights by undertaking actions that cause profound reputation harm to Superama's reputation as an author and performer.**

42. Superama hereby repeats and realleges paragraphs alleged above.
43. Under Japanese law, Superama has moral rights in its copyrighted creations that must be respected inviolate.

44. Superama did not authorize TBS to cause profound reputation harm, to sunder the integrity of its works, to use the works with misattribution or non-attribution, etc., and did so for a commercial purpose.
45. TBS engaged in all those actions.
46. **Claim 4:** TBS violated Superama's Japanese moral rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Superama prays for judgment in its favor and against TBS and the Does for any and all relief that is permitted, up to and potentially including:

47. **Declaratory Relief**: That the Court, if permitted,
    a. Declare whether Superama legal author and legal owner of the copyright in the works under Japanese and U.S law.
    b. Declare whether TBS circumvented measure of technological protection under Japanese and U.S. law.
    c. Declare whether TBS infringed
    d. Declare whether Eastern has violated Ms. Foss' moral rights of attribution.

48. **Money Damages, Costs, and Fees**: That the Court, if permitted,
    a. Award Superama money damages, either actual damages and infringer's profits, cf. 17 U.S.C. § 1203(c)(2), or statutory damages, cf. 17 U.S.C. § 1203(c)(3)(A), in an amount to be determined after trial.[1]
    b. Award Superama a reasonable attorney's fee. Cf. 17 U.S.C. § 1203(b)(5).
    c. Award Superama costs. Cf. 17 U.S.C. § 1203(b)(4).
    d. Award appropriate monetary remedies for violations of Japanese economic, moral, and anti-circumvention rights provided for in the Japanese copyright laws. E.g., for the infringements of Superama's copyrights—i.e. economic rights--as protected under Art.21-28, Art. 98, etc.. Superama seeks economic remedies and injunctive remedies pursuant to Art. 114, etc.  For the infringements of Superama's

---

[1] Superama hereby reserves making its election between the actual damages or statutory damages until after a verdict is rendered at trial.

attribution and/or integrity rights—i.e.—moral rights, as protected under Art. 18-20 and Art. 90-2 and Art. 90-3, etc., Superama seeks economic remedies, injunctive remedies, and measures of restoration of honor and reputation pursuant to Art. 114, Art. 115, *etc*. For the infringements and violations of Superama's technological protection measures, in violation of Art. 113(3), Superama seeks economic remedies and injunctive remedies, pursuant to Art. 113, 114, etc.

49. **Injunctive Relief**: That the Court, if permitted and where necessary to provide a remedy where money damages cannot adequately and sufficiently compensate Superama:

   a. Grant a preliminary and a permanent injunction preventing and restraining further violations. Cf. 17 U.S.C. § 1203(b)(1).

   b. Order the impoundment of devices or products in the custody or control of a defendant where there is reasonable cause to believe were involved in the violations. Cf. 17 U.S.C. § 1203(b)(2).

   c. Order the destruction or remedial modification of device or products involved in circumvention. Cf. 17 U.S.C. § 1203(b)(6).

   d. Award appropriate injunctive remedies for violations of Japanese economic, moral, and anti-circumvention rights provided for in the Japanese copyright laws under Article discussed above.

50. **Other Relief**: That the Court, if permitted,

   a. Grant any other relief permitted by law.

## VII. DEMAND FOR TRIAL BY JURY

51. Superama hereby demands a trial by jury of all issues so triable. Cf. Fed. R. Civ. P. 38(b); L.R. 38-1.

*/s/ Ryan Hamilton*
Ryan Hamilton

| | | |
|---|---|---|
| 1 | DATED: February 4, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/ Ryan Hamilton*  |
| | | Ryan Hamilton (SBN 291349) |
| 4 | | HAMILTON LAW LLC |
| | | 5125 South Durango, Suite C |
| 5 | | Las Vegas, Nevada 89113 |
| 6 | | (702) 818-1818 |
| | | Ryan@HamLegal.com |
| 7 | | |
| 8 | | *Attorney for Plaintiff* |