BUCHALTER
A Professional Corporation
WILLMORE F. HOLBROW III (SBN: 169688)
MICHAEL J. WORTH (SBN: 291817)
ASHLEY L. MILNES (SBN: 300697)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: wholbrow@buchalter.com

Attorneys for Defendant,
TOKYO BROADCASTING SYSTEM TELEVISION, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERAMA CORPORATION, INC. D/B/A USA SUMO,<br><br>Plaintiff,<br><br>vs.<br><br>TOKYO BROADCASTING SYSTEM TELEVISION, INC.; and DOES 1-10,<br><br>Defendant. | Case No. 2:22-cv-00299-MWF (JCx)<br><br>**TOKYO BROADCASTING SYSTEM TELEVISION, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Declaration of Willmore F. Holbrow III; [Proposed] Order]*<br><br>Hearing Date:   March 17, 2025<br>Time:   10:00 a.m.<br>Ctrm:   5A<br>Judge:   Hon. Michael W. Fitzgerald |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**TOKYO BROADCASTING SYSTEM TELEVISION, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**TO THE COURT, PLAINTIFF, AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 17, 2025 at 10:00 a.m. in Courtroom 5A of the United States District Court for the Central District of California, located at First Street Courthouse, 350 West First Street, Los Angeles, California 90012, specially appearing foreign entity Defendant TOKYO BROADCASTING SYSTEM TELEVISION, INC. ("TBST" or "Defendant"), through counsel, will and hereby does move this Court to dismiss the First Amended Complaint ("FAC") filed by Plaintiff SUPERAMA CORP., INC. D/B/A USA SUMO ("Plaintiff") for lack of subject matter jurisdiction, improper claim splitting, and pursuant to the forum non conveniens doctrine, because the appropriate forum for this case, if any, is Japan.

This Motion is made on the grounds described more fully in the accompanying Memorandum and summarized as follows: (i) all of the alleged misconduct took place in Japan and the United States copyright laws do not reach acts that take place entirely abroad, (ii) this action arises from the same underlying conduct alleged in Plaintiff's 2019 Lawsuit, which constitutes improper claim splitting; and (iii) the appropriate forum, if any, is Japan. As a result, the FAC should be dismissed with prejudice.

This Motion is made following the telephonic conference of counsel pursuant to Local Rule 7-3, which began with correspondence on January 14, 2025 and continued through additional telephone conferences, including, without limitation, one on January 31, 2025. This Motion is based on the Notice of Motion, the concurrently filed Memorandum of Points and Authorities in support thereof, and Declaration of Willmore F. Holbrow III, all of the pleadings, records and

/ / /

/ / /

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1

2

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**                    Case No. 2:22-cv-00299-MWF (JCx)

documents on file in this action, and such additional written and oral argument as may be present prior to or at the hearing on this Motion.

DATED: February 10, 2025

BUCHALTER
A Professional Corporation

By: _____
       WILLMORE F. HOLBROW III
       MICHAEL J. WORTH
       ASHLEY L. MILNES
       Attorneys for Defendant,
       TOKYO BROADCASTING
       SYSTEM TELEVISION, INC.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1                                    3

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO**                    Case No. 2:22-cv-00299-MWF (JCx)
**DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.    INTRODUCTION ............................................................................ 1

II.   FACTUAL BACKGROUND ......................................................... 2

      A.    2019 Lawsuit ........................................................................ 3

      B.    Present Action ...................................................................... 4

III.  THIS ACTION SHOULD BE DISMISSED BECAUSE ALL OF THE CONDUCT OCCURRED OUTSIDE THE U.S. ................. 5

      A.    The Copyright Act (Including 17 U.S.C. 1201) Does Not Apply to Actions Occurring Outside the U.S. .................... 5

      B.    Plaintiff Fails to Adequately Plead Any Circumvention Took Place in the U.S. ....................................................... 7

IV.   CLAIM SPLITTING BARS ALL OF PLAINTIFF'S CLAIMS AGAINST DEFENDANT ....................................... 8

V.    JAPAN IS THE MOST CONVENIENT FORUM TO ADDRESS PLAINTIFF'S CLAIMS .................................... 11

      A.    Japan Provides an Adequate Alternative Forum ..................... 12

      B.    The Balance of the Relevant Private and Public Interest Factors Weighs Strongly in Favor of Dismissal ..................... 13

      C.    The Public Interest Factors Favor Dismissal ......................... 13

            1.    The Need to Apply Japanese Law Weighs Heavily in Favor of Dismissal ....................................... 14

            2.    The Controversy Is Local to Japan and Should Be Tried in Japan ................................................... 15

      D.    The Private Interest Factors Similarly Weigh in Favor of Japan ................................................................ 16

            1.    Residence of Parties and Witnesses ............................... 16

            2.    Sources of Proof ......................................................... 17

            3.    Availability/Cost of Witnesses .................................... 17

            4.    Other Practical Problems ............................................ 17

VI.   CONCLUSION ........................................................................... 18

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1                                                                                    i

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**                                    Case No. 2:22-cv-00299-MWF (JCx)

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adams v. California Dep't of Health Servs.*,
   487 F.3d 684 (9th Cir. 2007) ........................................................................ 9, 11

*Adaptix, Inc. v. Amazon, Inc*.,
   No. CV 15-01379-PSG, 2015 WL 4999944 (N.D. Cal., Aug. 21, 2015) ............................................................................................................ 11

*Age Grp. Ltd. v. Regal Logistics, Corp*.,
   2007 U.S. Dist. LEXIS 62476, 2007 WL 2274024 (S.D.N.Y. Aug. 8, 2007) ...................................................................................................... 16

*Am. Dredging Co. v. Miller*,
   510 U.S. 443 (1994) ..................................................................................... 11

*Argoquest Holdings, LLC v. Israel Discount Bank Ltd.*,
   No. C-04-10292, 2005 WL 6-70168 (C.D. Cal. Apr. 8, 2005) ......................... 17

*Ayco Farms, Inc. v. Ochoa*,
   862 F.3d 945 (9th. Cir. 2017) ....................................................................... 15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................... 8

*Blazevska v. Raytheon Aircraft Co.*,
   522 F.3d 948 (9th Cir. 2008) ..................................................................... 6, 14

*U.S. ex rel Cody v. Mantech Int'l Corp.*,
   2016 U.S. Dist. LEXIS 194336, 2016 WL 10537807 (C.D. Cal. 2016) ........................................................................................................... 15

*Creative Technology, Ltd. v. Aztech System PTE, Ltd*.,
   61 F.3d 969 (9th Cir. 1995) ......................................................................... 12

*Doljenko v. City of Los Angeles*,
   No. 2:21-cv-02818-DSF (GJS), 2021 WL 1966178 (C.D. Cal. May 17, 2021) ..................................................................................................... 8, 9

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1

ii

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

Case No. 2:22-cv-00299-MWF (JCx)

*Entercolor Technologies Corp. v. Kabushiki Kaisha Hikari Prod.*,
  No. CV 01-1836-AHM-JWJx (C.D. Cal. Aug. 1, 2001), aff'd, 41 F.
  App'x 976 (9th Cir. 2002) ................................................................. 13

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947) ............................................................... 13, 17

*HB Prods., Inc. v. Faizan*,
  No. 19-00487 JMS-KJM, 2022 U.S. Dist. LEXIS 86761, at *30 (D.
  Haw. May 13, 2022) ............................................................................ 7

*Indigo Grp. USA, Inc. v. Polo Ralph Lauren Corp.*,
  No. CV-14-4657-MWF, 2014 WL 12597145 (C.D. Cal. Aug. 27,
  2014), *aff'd sub nom. Indigo Grp. USA, Inc. v. Ralph Lauren Corp.*,
  690 F. App'x 945 (9th Cir. 2017) ...................................................... 10

*Int'l Sec. Exch., LLC v. Chicago Bd. Options Exch., Inc.*,
  2007 U.S. Dist. LEXIS 38427, 2007 WL 1541087 (S.D.N.Y. May
  24, 2007) ............................................................................................ 15

*ITSI T.V. Productions, Inc. v. California Authority of Racing Fairs*,
  785 F. Supp. 854 (E.D. Cal. 1992) .................................................... 14

*Loya v. Starwood Hotels & Resorts Worldwide, Inc.*,
  583 F.3d 656 (9th Cir. 2009) ............................................................ 12

*Lueck v. Sundstrand Corp.*,
  236 F.3d 1137 (9th Cir. 2001) ............................................... 11, 13, 16

*Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*,
  24 F.3d 1368 (Fed. Cir. 1994) ..................................................... 14, 18

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
  58 F.3d 616 (Fed. Cir. 1995) ............................................................... 8

*Media Rts. Techs., Inc. v. Microsoft Corp.*,
  922 F.3d 1014 (9th Cir. 2019) .......................................................... 10

*Peter Starr Prod. Co. v. Twin Continental Films, Inc.*,
  783 F.2d 1440 (9th Cir. 1986) (overruled on other grounds)............... 6

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) ...................................................................... 11, 12

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

*Subafilms, Ltd. v. MGMPathe Commc'ns Co.*,
  24 F.3d 1088 (9th Cir. 1994) (en banc)........................................................ 6, 14

*Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*,
  19-cv-3059-MWF, 2019 WL 6879744 (C.D. Cal. Aug. 20, 2019).......... 1, 3, 4, 7

*Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*,
  2024 WL 3616945 (9th Cir. 2024)................................................................ 6, 7

*Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*,
  830 F. App'x 821 (9th Cir. 2020).......................................................... 1, 3, 4, 5

*Tennecal Funding Corp. v. Sakura Bank*,
  1996 U.S. App. LEXIS 16544 (9th Cir. 1996).................................................. 14

*Turtle Island Restoration Network v. U.S. Dep't of State*,
  673 F.3d 914 (9th Cir. 2012) ............................................................................ 9

*Van Schijndel v. Boeing Co.*,
  434 F. Supp. 2d 766 (C.D. Cal. 2006)............................................................. 17

*Western Sys., Inc. v. Ulloa*,
  958 F.2d 864 (9th Cir. 1992)............................................................................. 9

*Zenger-Miller Inc. v. Training Team, GMBH*,
  757 F. Supp. 1062 (N.D. Cal. 1991)........................................................... 6, 14

**Federal Statutes**

17 U.S.C.
  § 106 ................................................................................................................. 3
  § 501 ................................................................................................................. 3

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**                Case No. 2:22-cv-00299-MWF (JCx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Here we are again, unnecessarily expending additional client and judicial resources on a duplicative action involving the same parties and the same underlying conduct, which this Court has already concluded is extraterritorial and therefore lacks subject matter jurisdiction.

In 2019, Superama brought a claim under the Copyright Act against TBST based on the same underlying circumstances, namely uploading copyrighted materials, without authorization, from a server based in the United States ("2019 Lawsuit"). This Court concluded that Plaintiff's copyright claim lacked subject matter jurisdiction, as all the alleged misconduct took place in Japan. *See Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, 19-cv-3059-MWF (JCx), 2019 WL 6879744, at *3 (C.D. Cal. Aug. 20, 2019). Dissatisfied with this Court's Order, Plaintiff appealed the decision to the Ninth Circuit. In 2020, the Ninth Circuit affirmed this Court's decision, confirming that the Court lacked subject matter jurisdiction, despite Plaintiff's arguments to the contrary. *Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, 830 F. App'x 821, 824 (9th Cir. 2020).

Despite the well-reasoned jurisprudence by this Court and the Ninth Circuit, Superama filed the instant action (the "2022 Complaint"); again alleging that TBST has purportedly violated the Copyright Act, based on the same underlying acts alleged in the 2019 Lawsuit. Superama seems to believe that the framing of its allegations under a different statutory provision of the Copyright Act, namely 17 USC §1201, somehow cures the prior jurisdictional defects. It does not. This Court again correctly concluded that it lacked subject matter jurisdiction over the 2022 Complaint - finding that Superama's claims still arose from the same underlying acts that this Court and the Ninth Circuit confirmed took place outside of the United States.

Dissatisfied again with this Court's Order, Superama appealed the decision to

BUCHALTER
A Professional Corporation
Los Angeles

BN 87039744v1                                    1

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**          Case No. 2:22-cv-00299-MWF (JCx)

the Ninth Circuit. The Ninth Circuit affirmed this Court's decision in part, rejecting Plaintiff's contention that 17 USC §1201 could rest on wholly extraterritorial conduct. On the other hand, the Ninth Circuit reversed this Court's decision in part, finding that although Superama's 2022 Complaint failed to sufficiently plead that any circumvention occurred in the U.S. was entitled to leave to amend. The lawsuit was therefore remanded with leave to amend. (Attached hereto as Appendix 1.)

Despite being afforded the opportunity to amend, Superama's First Amended Complaint ("FAC") again falls short. The FAC fails to offer sufficient factual detail as to where or how the circumvention actually occurred, much less plead with any specificity that any such act occurred in the United States. As the U.S. copyright laws do not have extraterritorial effect and Plaintiff does not raise sufficient allegations to the contrary, this case should be dismissed for lack of subject jurisdiction.

Moreover, as the FAC arises from the **exact same** series of events as Superama's 2019 Lawsuit, the FAC constitutes improper claim splitting and should be dismissed for that reason alone.

Finally, this case should also be dismissed in view of the fact that the appropriate forum, if any, is Japan. This is particularly true given that Plaintiff's claims expressly include several violations of Japanese Copyright law, which will undoubtedly require significant application of Japanese law. Additionally, the relevant witnesses, documents, and evidence related to each of the claims are in Japan.

In short, as discussed in more detail below, this case should be dismissed without leave to amend because: (i) the subject activity all took place outside of the United States, (ii) the instant action constitutes improper claim splitting, and (iii) Japan is the appropriate forum to resolve a dispute focused on Japanese copyright law.

## II.    FACTUAL BACKGROUND

A brief recap of the facts leading to both the 2019 Lawsuit and the present

BUCHALTER
A Professional Corporation
Los Angeles

BN 87039744v1                                    2
DEFENDANT'S NOTICE OF MOTION AND MOTION TO            Case No. 2:22-cv-00299-MWF (JCx)
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

lawsuit: Defendant Tokyo Broadcasting System Television, Inc. ("TBST") is a television broadcasting and media company located and operating in Tokyo, which among other things, broadcasts news programming through several television stations in Japan. Plaintiff Superama Corporation Inc. dba U.S.A. Sumo ("Plaintiff") is based in the United States and organizes sumo-wrestling competitions in the United States, including the 2018 US Sumo Open, held on May 12, 2018. (2019 Complaint, ¶¶ 4, 19 - filed in the case as Dkt. 1.)

On or about January 17, 2019, TBST inquired of Plaintiff with respect to licensing some of the footage of the 2018 US Sumo Open to rebroadcast in Japan. (Dkt. 1 at ¶ 22). Plaintiff provided TBST with a proposed licensing fee ($300) for reproducing a portion of the footage. (*See id*. at ¶ 23; and Holbrow Dec. ¶ 5, Ex. A). On or about January 26, 2019, prior to finalizing the proposed license and due to some miscommunications, TBST aired less than 100 seconds of the event and a related photograph ("Accused Works"), through one of its news programs. Plaintiff claims it owns a federal registration for the copyrighted material, per a subsequent submission to the Copyright Office, filed on February 13, 2019.

Shortly after the broadcast and learning of the miscommunication, TBST apologized to Plaintiff for the error and offered to make amends. Unfortunately, due to Plaintiff's incredible proposed increase in the alleged license value of the Accused Works (i.e., in excess of $1,000,000), the parties were unable to amicably resolve the issue and Plaintiff filed the 2019 Lawsuit.

### A.    2019 Lawsuit

As noted above, Superama previously sued TBST over the same series of events in 2019 ("Prior Action"), for copyright infringement under the U.S. Copyright Act (17 U.S.C. §§ 106, 501.) This Court dismissed the Prior Action for lack of subject jurisdiction. *Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, 2019 WL 6879744, at *1 (C.D. Cal. Aug. 20, 2019). Superama subsequently appealed, and the Ninth Circuit affirmed this Court's decision. *Superama Corp., Inc. v. Tokyo Broad.*

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1

3

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No. 2:22-cv-00299-MWF (JCx)

*Sys. Television, Inc.*, 830 F. App'x 821 (9th Cir. 2020).

The rationale for this Court's dismissal of the Prior Action and the Ninth Circuit's affirmance was that all of the relevant acts occurred in Japan, and therefore, United States copyright law did not apply. *See Superama Corp.,* 2019 WL 6879744, at \*7-8 (C.D. Cal. Aug. 20, 2019). In affirming the District Court's decision, the Ninth Circuit Court explained that Superama "advance[d] a highly technical argument that infringement occurred in the United States because an exact copy of the footage was made on YouTube's server before it was downloaded in Japan." *Superama*, 830 F. App'x at 824 (9th Cir. 2020). The Ninth Circuit rejected that argument, holding "[t]here is [] no basis for finding jurisdiction where downloaded material is stored in the United States, but all infringing activity takes place in another country." *Id*.

### B.    Present Action

Despite the results in 2019 and 2020, Plaintiff filed the instant action ("2022 Complaint") based on the same occurrences/series of events but under a different section of the Copyright Act, namely a claim under 17 U.S.C. 1201, which focuses on the circumvention of a technological protection measure. Superama contends that because the relevant activity in the present action now focuses on the alleged circumvention (i.e., "hacking" or "stream ripping") of "technological measures," rather than infringement, the relevant conduct occurred in the United States. However, its reliance on a different section of the U.S. Copyright Act does not change the fact that all of the relevant misconduct took place in Japan. In short, Superama's focus on a different section of the Copyright Act fails to cure the prior jurisdictional defects.

This Court again correctly concluded that it lacked subject matter jurisdiction over the 2022 Complaint - finding that Superama's claims still arose from the same underlying acts that this Court and the Ninth Circuit previously concluded took place outside of the United States. *See* 12/6/22 Order (Dkt. 33), at 14-15. In doing so,

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1

4

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No. 2:22-cv-00299-MWF (JCx)

this Court rejected the erroneous notion urged by Superama, that the location of the circumvention occurs where the server is located/copyrighted material is stored. *See id*. at 13 (noting that "[i]t was precisely this type of highly technical argument that this Court, and the Ninth Circuit, rejected in the Prior Action." (citing *Superama*, 830 F. App'x at 824 (9th Cir. 2020) (rejecting this Plaintiff's "highly technical argument" that infringement occurred in the United States, reasoning that "[t]here is [] no basis for finding jurisdiction where downloaded material is stored in the United States, but all infringing activity takes place in another county.")).

The Ninth Circuit affirmed this Court's conclusion that 17 U.S.C. 1201 has no extraterritorial application to conduct that occurs entirely outside the U.S. And although the Ninth Circuit reversed this Court's decision in part as to the dismissal, it did so based upon finding that the 2022 Complaint failed to sufficiently plead that any circumvention took place in the U.S., and because Superama had made the request, it should be afforded the opportunity to amend.

Superama has now filed the First Amended Complaint ("FAC"), which suffers from the same fatal pleading deficiencies as were previously highlighted by both this Court and the Ninth Circuit. As set forth below, despite having another bite at the apple, Superama does not and cannot allege that any act of circumvention took place in the United States, as all of the alleged misconduct occurred in Japan.

## III.    THIS ACTION SHOULD BE DISMISSED BECAUSE ALL OF THE CONDUCT OCCURRED OUTSIDE THE U.S.

### A.    The Copyright Act (Including 17 U.S.C. 1201) Does Not Apply to Actions Occurring Outside the U.S.

There is no dispute that for Plaintiff to proceed under the Copyright Act, even pursuant to its new 17 U.S.C. 1201 cause of action, it must establish that a meaningful act took place in the United States. "This holding derives from the longstanding rule that '[i]n general, United States copyright laws do not have extraterritorial effect, and therefore, infringing actions that take place entirely outside the United States are not actionable. .'" *See Superama Corp., Inc. v. Tokyo Broad.*

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

Case No. 2:22-cv-00299-MWF (JCx)

*Sys. Television, Inc.*, 830 F. App'x 821 (9th Cir. 2020) quoting, *Subafilms, Ltd. v. MGMPathe Commc'ns Co.*, 24 F.3d 1088, 1098 (9th Cir. 1994) (en banc); *Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, 2024 WL 3616945, *1 (9th Cir. 2024) ("The district court properly determined that wholly extraterritorial conduct does not give rise to a DMCA circumvention claim.").

The Ninth Circuit has long recognized that "[t]he United States copyright laws do not reach acts of infringement that take place entirely abroad." *Subafilms*, 24 F.3d at 1098; *see Blazevska v. Raytheon Aircraft Co.*, 522 F.3d 948, 954 (9th Cir. 2008) (confirming *Subafilms'* holding that copyright infringement in foreign distribution of films is not actionable in the United States); *Peter Starr Prod. Co. v. Twin Continental Films, Inc.*, 783 F.2d 1440, 1442 (9th Cir. 1986) (overruled on other grounds) ("[i]n general, United States copyright laws do not have extraterritorial effect," and therefore, "infringing actions that take place entirely outside the United States are not actionable."); *Zenger-Miller Inc. v. Training Team, GMBH*, 757 F. Supp. 1062, 1071 (N.D. Cal. 1991) (court lacks subject matter jurisdiction where none of defendant's alleged infringing activities occurred in the U.S., thereby dismissing copyright infringement claim).

Here, the underlying facts have not changed since Superama brought this case in 2019: Superama accuses TBST of downloading a video from a server in the United States and broadcasting it in Japan, following a miscommunication relating to a proposed license. Although Superama now asserts additional allegations relating to the alleged circumvention of technological measures, the FAC is still singularly focused on the same underlying acts that this Court and the Ninth Circuit previously confirmed took place outside of the United States. The FAC states that TBST at all relevant times was a corporation formed under the laws of Tokyo, Japan. FAC, ¶ 3. The FAC alleges that: (1) TBST principally operates in Japan; (2) TBST downloaded the footage from YouTube's U.S. based server and rebroadcast it throughout Japan on its television program; and (3) TBST presented misinformation about USA Sumo

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1    6

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**    Case No. 2:22-cv-00299-MWF (JCx)

and US Sumo Open during its TV broadcast in Japan. *See* FAC, ¶¶ 27, 39, 40, 42, 43.

All of the alleged misconduct in the FAC took place entirely in Japan, including the downloading of the footage from YouTube's U.S. based server, which Superama now identifies as "hacking" and "ripping." Superama seems to believe that by relying on a different section of the Copyright Act and using different terms like hacking or stream ripping (as opposed to downloading), the analysis somehow changes. It does not. For example, in *HB Prods., Inc. v. Faizan*, No. 19-00487 JMS-KJM, 2022 U.S. Dist. LEXIS 86761, at *30 (D. Haw. May 13, 2022), the Court concluded: "For both allegations of ripping –ripping of a Blu-Ray disc and the Amazon.com stream– the infringing reproductions occurred when and where an unauthorized copy was fixed into computer memory, i.e., on the computer conducting the ripping process"; finding "the fact that the stream was sourced from Amazon's servers, which are presumably located in the United States" did not alter this conclusion – citing approvingly to this Court's and the Ninth Circuit's decisions: *See Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, 2019 WL 6879744, at *3 (C.D. Cal. Aug. 20, 2019), aff'd, 830 F. App'x 821 (9th Cir. 2020).

As this Court and the Ninth Circuit previously found, all of the alleged relevant conduct took place outside of the United States. Nothing in the FAC supports finding any differently than this Court has already concluded—the U.S. Copyright Act does not apply here.

**B.    <u>Plaintiff Fails to Adequately Plead Any Circumvention Took Place in the U.S.</u>**

In ruling on Plaintiff's Appeal, the Ninth Circuit concluded that Superama's 2022 Complaint failed to sufficiently plead any facts to establish that any act of circumvention occurred in the United States. *Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, 2024 WL 3616945, *2-3 (9th Cir. 2024). The FAC again falls short.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1    7

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**    Case No. 2:22-cv-00299-MWF (JCx)

Despite being afforded the opportunity to amend, Superama fails to offer anything more than conclusory assertions in the FAC regarding the alleged circumvention of YouTube's technological measures. The FAC describes YouTube's "technological protection measures," and how such are applied to the material on its server, but does not specifically allege how *YouTube's* technological protection measures were actually implemented to the material on *Superama's* website/server. The FAC also alleges that "further investigation will show" that TBST used a "stream-ripping technology" to circumvent the U.S. based server hosting Superama's website, but fails to provide any factual details regarding this alleged "stream-ripping technology" and/or how the circumvention actually took place.

Such vague and conclusory allegations fail to sufficiently plead that any "circumvention" took place, much less that any such acts occurred in the U.S. In short, Superama again fails to allege sufficient facts to push its claim of circumvention activity in the United States "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV. CLAIM SPLITTING BARS ALL OF PLAINTIFF'S CLAIMS AGAINST DEFENDANT

As this Court noted in granting dismissal of the Prior Action, "this action is a classic example of improper claim splitting." *See* 12/6/22 Order – Dkt. 33, at 5. This is because despite Superama's recast of the allegations under a different section of the Copyright Act, the claims in this action are based on the same series of events alleged in Superama's 2019 Lawsuit, which this Court and the Ninth Circuit correctly dismissed for lack of subject matter jurisdiction. None of the facts have changed since Superama's 2019 Lawsuit—only the asserted section of the Copyright Act. This violates the rule against claim splitting, "which "prevents the same plaintiff from filing multiple lawsuits alleging the same claims against the same defendant when one suit will do." *Doljenko v. City of Los Angeles*, No. 2:21-cv-02818-DSF

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1

8

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No. 2:22-cv-00299-MWF (JCx)

(GJS), 2021 WL 1966178, at *3 (C.D. Cal. May 17, 2021); *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha,* 58 F.3d 616, 619 (Fed. Cir. 1995) ("It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits[.]").

Simply put, a party is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fails." *Doljenko,* 2021 WL 1966178, at *3 (quoting *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894)). This rule "protect[s] the defendant from "repetitive actions based on the same claim." *Id*. (quoting *Clements v. Airport Auth. of Washoe Cnty*., 69 F.3d 321, 328 (9th Cir. 1995)). The Court has inherent authority to summarily dismiss an action on the grounds of claim splitting. *See id*. at *3.

In the Ninth Circuit, the test for improper claim is whether the same parties or their privies to the later suit were involved in the prior litigation and whether the prior litigation involved the same claim or cause of action as the later suit. *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007). Here, the first requirement is easily met, as there is no dispute that both actions involve the same parties.

As to the second requirement—"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). The answer here is undoubtedly – Yes.

Claims arise from the same transactional nucleus of facts where the same "transaction, or series of transactions" could give rise to both claims, as evidenced by the similarity of the allegations in the prior and current pleadings. *See Western Sys., Inc*, 958 F.2d at 871 (9th Cir. 1992). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Turtle Island Restoration*

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1

9

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No. 2:22-cv-00299-MWF (JCx)

*Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (quoting *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010)).

Here, as noted above, Superama's claims in the instant action are based on the same underlying acts alleged in the 2019 Action. The overlap is readily apparent from even a cursory review of the pleadings. Although Superama relies on a different section of the Copyright Act in the FAC, the factual basis for the claims in both the 2019 Lawsuit and the present action are the same—namely the alleged unauthorized downloading of copyrighted material from a U.S. based server. As this Court correctly noted, "Plaintiff has clearly split claims that arise out of the same nucleus of facts into two successive suits." *See* 12/6/22 Order (Dkt. 33), at 6. This alone is sufficient to support dismissal. *See Indigo Grp. USA, Inc. v. Polo Ralph Lauren Corp.*, No. CV-14-4657-MWF, 2014 WL 12597145, at *4 (C.D. Cal. Aug. 27, 2014), *aff'd sub nom. Indigo Grp. USA, Inc. v. Ralph Lauren Corp.*, 690 F. App'x 945 (9th Cir. 2017) ("the fact that the First and Second Actions arise from the identical transactional nucleus of fact weighs strongly in favor of dismissal of the Second Action for improper claim splitting."). Because the most important and outcome-determinative factor is met here, the Court "need not…consider the other criteria" to conclude that both actions involve the same cause of action. *See Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020-21 (9th Cir. 2019) (citing cases).

As both the 2019 Lawsuit and the present action arise from the same transactional nucleus of facts, it is clear that both suits "would involve substantially the same evidence" and "infringement of the same right," namely, alleged violations of the Copyright Act.[1] Superama contends that because the relevant activity now focuses on the alleged circumvention (i.e., "hacking" or "stream ripping"), rather than infringement, the relevant conduct occurred in the United States.

---

[1] *See Media Rts. Techs.*, 922 F.3d at 1030-31 (holding claim preclusion barred plaintiff's later-filed DMCA claim alleging circumvention of technological measures, because its prior patent infringement claims and the DMCA claim "shared a common nucleus of operative fact.").

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1                                                        10
DEFENDANT'S NOTICE OF MOTION AND MOTION TO                    Case No. 2:22-cv-00299-MWF (JCx)
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

However, notwithstanding Superama's reliance on a different statutory provision, Superama cannot simply continue to file new lawsuits against TBST based on the same facts until it is successful. "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought" (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) ). *See also Adaptix, Inc. v. Amazon, Inc.*, No. CV 15-01379-PSG, 2015 WL 4999944, at *11 (N.D. Cal., Aug. 21, 2015) (precluding plaintiff from litigating infringement contentions that were brought or could have been brought in earlier cases).

This Court should not permit Plaintiff to assert piecemeal litigation of claims that could and should have been raised in the Prior Action. *See Adams*, 487 F.3d. at 694.

## V.    JAPAN IS THE MOST CONVENIENT FORUM TO ADDRESS PLAINTIFF'S CLAIMS

In light of the above, it is quite clear that this Court does not have jurisdiction over the copyright claim in the present case. That being said, whether or not the Court agrees with the above, Plaintiff's case should be dismissed. As discussed below, in the context of the forum non conveniens doctrine, the appropriate forum, if any, is Japan.

District courts have broad discretion to dismiss cases under the doctrine of forum non conveniens. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) ("The forum non conveniens determination is committed to the sound discretion of the trial court."); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001); *see also Am. Dredging Co. v. Miller*, 510 U.S. 443, 455 (1994) (explaining that upon a reasonable balancing of all relevant public and private interest factors, a district court's decision deserves substantial deference

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1                                                          11

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 2:22-cv-00299-MWF (JCx)

Courts in the Ninth Circuit dismiss actions pursuant to the forum non conveniens doctrine when a moving party demonstrates that (1) an adequate alternative forum exists, and (2) the balance of private and public interest factors favors adjudication in the alternative forum. *Creative Technology, Ltd. v. Aztech System PTE, Ltd*., 61 F.3d 969, 699 (9th Cir. 1995). Both conditions are readily met here.

### A.    Japan Provides an Adequate Alternative Forum

The Ninth Circuit holds that an alternate forum is adequate if the defendant is amenable to service of process there [TBST is amenable to having the case proceed in Japan]. If this condition is met, the alternate forum will only be inadequate if the remedies available are "so clearly inadequate or unsatisfactory that [there] is no remedy at all." *Creative Tech*., 61 F.3d at 701 (internal citation omitted). "[T]hat the law, or the remedy afforded, is less favorable in the foreign forum is not determinative." *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 666 (9th Cir. 2009) (citing *Piper Aircraft*, 454 U.S. at 247). A foreign forum must merely provide "some" remedy. *See id*.

In the present case, TBST is both incorporated and headquartered in Japan, and thus, subject to the laws of its jurisdiction, including service of process. *See Creative Tech.*, 61 F.3d at 701 (finding alternative forum adequate where defendants were subject to or had submitted to the jurisdiction of the alternative forum). This is sufficient to establish Japan as an adequate alternate forum, particularly where, as here, there is no evidence indicating that a remedy offered by the Japanese courts would be "clearly unsatisfactory." *Piper Aircraft*, 454 U.S. at 247; *Creative Tech.*, 61 F.3d at 701-02 (holding that Singapore court's inability to provide full range of relief that would be available under plaintiff's copyright claim in the U.S. does not preclude dismissal on the basis of forum non conveniens because some remedy is available). Indeed, the Ninth Circuit has consistently found that where "[Defendant] has agreed to submit to Japanese jurisdiction and where

BUCHALTER
A Professional Corporation
Los Angeles

BN 87039744v1

12

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES    Case No. 2:22-cv-00299-MWF (JCx)

[Defendant] resides in Japan, the threshold test is satisfied." *Lockman Foundation*, 930 F.2d at 768 (dismissed on forum non conveniens grounds where U.S. plaintiff sued Japanese defendant for infringement occurring in Japan); *Entercolor Technologies Corp. v. Kabushiki Kaisha Hikari Prod.*, No. CV 01-1836-AHM-JWJx (C.D. Cal. Aug. 1, 2001), aff'd, 41 F. App'x 976, 977 (9th Cir. 2002) (same).

Here the majority of Plaintiff's Causes of Action (three out of four) focus on Violations of the Japanese Copyright Act of 1970, which further confirms Plaintiff will have at least "some" remedy in Japan. Therefore, Japan provides an adequate forum for the disposition of Plaintiff's claims at issue here.

**B.    The Balance of the Relevant Private and Public Interest Factors Weighs Strongly in Favor of Dismissal**

Since an adequate alternate forum exists, as part of this analysis the Court next determines whether the balance of private and public interest factors favors dismissal. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see Lockman*, 930 F.2d at 767 ("If the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper."). In balancing these factors, the weight to be accorded a plaintiff's choice of forum depends on the particular circumstances of each case. *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001). Here, dismissal is favored, as the alleged misconduct took place entirely in Japan and Plaintiff alleges three separate causes of action for violation of Japanese Copyright law.

**C.    The Public Interest Factors Favor Dismissal**

The relevant public interest factors at issue are: (1) the avoidance of unnecessary problems in conflicts of law and the interest in having a diversity case tried in a forum familiar with the law that governs the action; and (2) local interest in having localized controversies decided at home (i.e., Japan). *See Creative Tech.*, 61 F.3d at 703-04. Both of these factors weigh in favor of dismissal.

BUCHALTER
A Professional Corporation
Los Angeles

BN 87039744v1

13

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No. 2:22-cv-00299-MWF (JCx)

1.    **<u>The Need to Apply Japanese Law Weighs Heavily in Favor of Dismissal</u>**

As discussed above, the Ninth Circuit has long recognized that "[t]he United States copyright laws do not reach acts of infringement that take place entirely abroad." *Subafilms*, 24 F.3d at 1098; *see Blazevska*, 522 F.3d at 954 (confirming Subafilms' holding that copyright infringement in foreign distribution of films is not actionable in the United States); *Zenger-Miller*, 757 F. Supp. at 1071 (court lacks subject matter jurisdiction where none of defendant's alleged infringing activities occurred in the U.S.).

In this case, as discussed above, all of the alleged misconduct took place entirely in Japan. Indeed, Plaintiff concedes as much by alleging three of its four causes of action for violations of Japanese Copyright law. (*See* FAC, causes of action for Violation of the 1970 Copyright Law of Japan: (1) Technological Protective Measures; (2) Economic Rights Violations; and (3) Moral Rights Violations for Attribution, Integrity.) Therefore, these claims will undoubtedly require the Court's application and analysis of Japanese law.

Courts have determined that the public interest factors strongly favor dismissal where application of foreign law is required. *See Tennecal Funding Corp. v. Sakura Bank*, 1996 U.S. App. LEXIS 16544, at *3 (9th Cir. 1996) (affirming dismissal based on forum non conveniens where the claims "must be analyzed under Japanese law"). This is because exercising such jurisdiction "work[s] an extreme hardship on the court in discerning and applying [foreign] law." *See ITSI T.V. Productions, Inc. v. California Authority of Racing Fairs*, 785 F. Supp. 854, 866-67, fn. 20 (E.D. Cal. 1992) (declining to exercise jurisdiction over Mexican copyright claim that would require application of Mexican law, warning "American courts should be reluctant to enter the bramble bush of ascertaining and applying foreign law without an urgent reason to do so."); *see also Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1376 (Fed. Cir. 1994) (finding dismissal of patent infringement claim

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1

14

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No. 2:22-cv-00299-MWF (JCx)

in favor of Japanese forum was appropriate because adjudication "would require the court to resolve complex issues of Japanese procedural and substantive law, a task further complicated by having to agree on the proper translation of laws, documents and other communications."). Given the claims at issue here, this factor weighs heavily in favor of dismissal.

## 2. The Controversy Is Local to Japan and Should Be Tried in Japan

The interest in having localized controversies decided at home overwhelmingly favors dismissal. "Courts routinely transfer cases to the district where the principal events occurred, and where the principal witnesses are located." *Int'l Sec. Exch., LLC v. Chicago Bd. Options Exch., Inc.*, 2007 U.S. Dist. LEXIS 38427, 2007 WL 1541087, *12 (S.D.N.Y. May 24, 2007) (citing *Tralongo v. Shultz Foods, Inc.*, 2007 U.S. Dist. LEXIS 23215, 2007 WL 844687, *3 (S.D.N.Y. Mar. 14, 2007). Here, the locus of operative facts is undoubtedly Japan. "[T]he administration of justice is better served when the action is litigated in the forum that encompasses the locus of operative facts and thus may have a particular interest in the proper resolution of the dispute." *U.S. ex rel Cody v. Mantech Int'l Corp.*, 2016 U.S. Dist. LEXIS 194336, 2016 WL 10537807, *5 (C.D. Cal. 2016) (internal quotation marks omitted).

As previously discussed, all of the alleged misconduct took place in Japan. The footage at issue was downloaded to a computer in Japan, broadcast through TBST's network in Japan, to people in Japan (only). Any of the alleged hacking or ripping from the YouTube server, alterations to the footage, or misrepresentations made in connection with the footage, occurred in Japan. The documents exchanged between the parties were written in Japanese (*see* Holbrow Dec., ¶ 5 Ex. A) and the miscommunication regarding the license occurred in Japan. Moreover, Plaintiff's theory of damages (i.e., damages caused by showing the footage to viewers in Japan), inherently must be based on evidence in Japan.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1    15

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES    Case No. 2:22-cv-00299-MWF (JCx)

By contrast, California has little interest in this dispute, as none of the alleged conduct took place in California. *Ayco Farms*, 862 F.3d at 951 (affirming forum non conveniens dismissal in part because California's overall interest in the dispute was slight compared to the cost of resolving the dispute); *see also Lueck*, 236 F.3d at 1141 (affirming a forum non conveniens dismissal even though one of the defendant's resided in the chosen forum).

In short, all of Plaintiff's claims arise out of conduct that occurred in Japan. *See Age Grp. Ltd. v. Regal Logistics, Corp.*, 2007 U.S. Dist. LEXIS 62476, 2007 WL 2274024, at *3 (S.D.N.Y. Aug. 8, 2007) (quoting *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 134 (S.D.N.Y. 1992) ("To determine where the locus of operative facts lies, courts look to 'the site of events from which the claim arises.'"). Based on the allegations in the Complaint, which strictly focus on the conduct of TBST in Japan, and even allege violations of Japanese Copyright law, it is quite clear that the locus of operative events is in Japan and will require application of Japanese law. Accordingly, for the above reasons alone, the case should be dismissed and re-filed in Japan.

### D.    The Private Interest Factors Similarly Weigh in Favor of Japan

The relevant private interest factors at issue are: (1) the residence of the parties and witnesses and the forum's convenience to the litigants; (2) relative ease of access to sources of proof; and (3) the availability of compulsory process for attendance of hostile witnesses and cost of bringing witnesses to trial. *See Creative Tech.*, 61 F.3d at 703. Each of these factors also points to Japan as the most appropriate forum for this action.

### 1.    Residence of Parties and Witnesses

Defendant is incorporated/headquartered in Japan. Plaintiff alleges it has operations in California but is incorporated in Nevada. *See* FAC, ¶ 2. Regardless, all the material witnesses relating to (i) the alleged acts of misconduct, (ii) exposure of the broadcast, and (iii) any damages caused by the broadcast,

BUCHALTER
A Professional Corporation
Los Angeles

BN 87039744v1

16

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No. 2:22-cv-00299-MWF (JCx)

are all in Japan. Thus, this factor favors Japan as the more appropriate forum.

### 2.    Sources of Proof

Given that all of the alleged misconduct took place in Japan, the relevant evidence is overwhelmingly in Japan, including any documents and/or communications related to the alleged misconduct. Certainly, the witnesses and documents pertaining to the alleged violations of the Japanese Copyright Act will be in Japan. Because Defendant is also headquartered in Japan, the same would be true for any business records relevant to this action. Accordingly, this factor weighs in favor of dismissal.

### 3.    Availability/Cost of Witnesses

Most if not all of the witnesses relating to Plaintiff's claims reside in Japan given the alleged violations of Japanese Copyright law, and could likely not be forced and/or compelled to testify in the United States. *See generally, Gulf Oil Corp*., 330 U.S. at 511 ("Certainly, to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury, or most litigants."). It would also certainly be more expensive to transport these witnesses overseas to testify in California, than to have them testify in Japan. *See Van Schijndel v. Boeing Co.*, 434 F. Supp. 2d 766, 774 (C.D. Cal. 2006) ("unmanageable" costs of transporting the Singaporean witnesses to the United States weighed in favor of dismissal). As such, the expense, inefficiency and possible inability of these witnesses traveling to California for trial of this action clearly favor dismissal. *See Argoquest Holdings, LLC v. Israel Discount Bank Ltd.*, No. C-04-10292, 2005 WL 6-70168 *4 (C.D. Cal. Apr. 8, 2005) (dismissing on forum non conveniens grounds in part because, despite the existence of witnesses in both potential for a, "the majority of witnesses demonstrated to be material" reside in Israel).

### 4.    Other Practical Problems

As set forth above, the claims at issue will require significant

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 87039744v1                                    17
DEFENDANT'S NOTICE OF MOTION AND MOTION TO                    Case No. 2:22-cv-00299-MWF (JCx)
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

application/analysis of Japanese law. (*See* causes of action in FAC, for Violations of the 1970 Copyright Law of Japan: (1) Technological Protective Measures; (2) Economic Rights Violations; and (3) Moral Rights Violations for Attribution, Integrity.) Many of the pertinent documents and/or communications in this case are written in Japanese (*see* Holbrow Dec. ¶ 5, Ex. A), and it would be expensive and time-consuming to translate all such documents into English. Additionally, Defendant's key witnesses would require interpreters to testify, which would also be expensive. These are significant impediments to a fast and efficient trial that also weigh in favor of dismissal. *See Mars*, 24 F.3d at 1376 (Fed. Cir. 1994) (finding that dismissal of patent infringement claim was appropriate in favor of Japanese forum because adjudication "would require the court to resolve complex issues of Japanese procedural and substantive law, a task further complicated by having to agree on the proper translation of laws, documents and other communications.").

## VI.   **CONCLUSION**

Based on the foregoing reasons, TBST respectfully requests that the Court grant its Motion to Dismiss the FAC, without leave to amend. If Plaintiff wants to pursue its claims, it can do so in Japan.

DATED: February 10, 2025

BUCHALTER
A Professional Corporation

By: _____
WILLMORE F. HOLBROW III
MICHAEL J. WORTH
ASHLEY L. MILNES
Attorneys for Defendant,
TOKYO BROADCASTING
SYSTEM TELEVISION, INC.

BUCHALTER
A Professional Corporation
Los Angeles

BN 87039744v1

18

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No. 2:22-cv-00299-MWF (JCx)