UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-0299-MWF (JCx)                **Date:** September 30, 2025
**Title:**    Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                         Court Reporter:
Rita Sanchez                          Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                          None Present

**Proceedings (In Chambers):**        ORDER TO SHOW CAUSE RE:
                                      DEFENDANT'S MOTION TO DISMISS [25]

Before the Court is Defendant Tokyo Broadcasting System Television, Inc.'s Motion to Dismiss (the "Motion"), filed on February 10, 2025. (Docket No. 50). Plaintiff Superama Corporation, Inc. dba USA Sumo filed an Opposition on June 9, 20205. (Docket No. 67). Defendant filed a Reply on August 4, 2025. (Docket No. 70).

The Court has read and considered the papers on the Motion and held a hearing on September 15, 2025.

The Motion is held under submission pending further briefing on the res judicata issue, as discussed below.

## I.   BACKGROUND

Before the Court explains the factual background relevant to resolving the Motion, the Court will go through the complicated procedural history of this dispute between the parties.

### A. Procedural Background

On April 19, 2019, Plaintiff filed its first action in this Court. (Case No. 19-cv-3059-MWF-JC ("Prior Action")). The complaint in that action involved the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-0299-MWF (JCx)                Date:  September 30, 2025**
**Title:        Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.**

events as are alleged in the current action, but asserted claims for copyright infringement under 17 U.S.C. § 501, et seq. along with common law claims.  (*See* Case No. 19-cv-3059-MWF-JC, Docket No. 1 ("Prior Complaint")).  The Court dismissed the Prior Complaint with prejudice, as the Court held that Plaintiff could not establish federal question jurisdiction as a matter of law on its copyright infringement claim given that all infringing acts took place abroad.  (*Id.* at Docket No. 30).  Plaintiff appealed that ruling to the Ninth Circuit, which affirmed the ruling. (*Id.* at Docket No. 37).  In the Memorandum, the Ninth Circuit stated that "Superama cannot plausibly allege that any infringement occurred in the United States," affirming this Court's denial of leave to amend.  (*Id.* at 5).

Plaintiff then filed this action on January 13, 2022, alleging the same events as the prior action but now asserting claims under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, premised on circumvention of technological measures that protect Plaintiff's copyrighted material, along with claims under Japanese copyright law.  (*See* Docket No. 17 ("Corrected Amended Complaint")).  The Court again dismissed the Corrected Amended Complaint on the basis that all acts of circumvention took place abroad, so Plaintiff still did not have subject matter jurisdiction to bring the DMCA claim in this Court.  (Docket No. 33).  Plaintiff then again appealed the ruling to the Ninth Circuit, which reversed the Court's ruling in part.  (Docket No. 38).

In the Memorandum, the Ninth Circuit held that it was possible as a matter of law for Plaintiff to plead that the circumvention of Plaintiff's protective technological measures could have taken place in the United States, giving rise to a viable DMCA claim.  *See Superama Corp., Inc. v. Tokyo Broadcasting Sys. Television, Inc.*, No. 23-5501, 2024 WL 3616945, *2 (9th Cir. Aug. 1, 2024).  For the purposes of inquiring whether the claim "involves a domestic application of the statute," the Ninth Circuit held that it is the location of the technological measures on U.S. servers that gives rise to the DMCA claim, not from where the party directed the circumvention.  (*Id.*).  Accordingly, if Superama could offer additional factual allegations to permit the inference that the circumvention acted on U.S. servers, then Superama could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-0299-MWF (JCx)                    Date:  September 30, 2025
Title:       Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.

adequately allege "'a permissible domestic application' of the DMCA, even if [Tokyo
Broadcasting System] directed the conduct from abroad." (*Id.*).

The Ninth Circuit decision gave rise to the First Amended Complaint ("FAC")
that is the subject of this Motion. (Docket No. 45).

### B. Factual Background

The parties are by now quite familiar with the factual background of this action,
which is largely set forth in the Court's Order Granting Defendant's Motion to
Dismiss. ("Prior Order" Docket No. 33). Therefore, the Court will not repeat all of
those facts here but incorporates by reference the factual background from that Prior
Order.

Of course, Plaintiff did add some factual allegations about the alleged
circumvention in response to the Ninth Circuit's comments on this point. *See
Superama,* 2024 WL 3616945, at *2. Accordingly, the Court takes as true the
following facts as alleged in the FAC, and construes them in the light most favorable to
Plaintiff. *See, e.g., Schueneman v. Arena Pharm., Inc.,* 840 F.3d 698, 704 (9th Cir.
2016) (restating generally-accepted principle that "[o]rdinarily, when we review a
motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a
plaintiff's allegations as true 'and construe them in the light most favorable' to the
plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th
Cir. 2009)).

Primarily, Plaintiff adds allegations regarding the technological measures that
were in place to protect its copyrighted materials. Plaintiff maintains a website that it
uses to display and perform its copyrighted materials. (FAC ¶ 20). Plaintiff's website
is hosted by a web-hosting service, which hosted Plaintiff's website on a U.S.-based
web server. (*Id.* ¶ 21). With respect to the copyrighted videos that Plaintiff displays on
its website, Plaintiff alleged that it uploaded these materials to YouTube. (*Id.* ¶ 22).
"YouTube uses software code that will load and perform videography on a streaming
basis, but will not permit the Internet browser to reproduce and download the

---

**CIVIL MINUTES—GENERAL**                                                           **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-0299-MWF (JCx)                    Date:  September 30, 2025
Title:        Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.

copyrighted material as a separate standalone file independent and apart from the website it was hosted on." (*Id.* ¶ 22). When Plaintiff uploaded its copyrighted materials to YouTube, YouTube applied its technological measures to Plaintiff's copyrighted material, such that the material was download-restricted. (*Id.* ¶ 23). Plaintiff then embedded the videos uploaded to YouTube on its own website via YouTube's embed functions, which preserves the application of YouTube's protective technological measures. (*Id.* ¶ 25). Both the videos uploaded to YouTube and Superama's website were hosted on U.S. servers. (*Id.*).

Plaintiff then alleges that Defendant and its employees obtained a stream-ripping technology and directed it at the U.S.-based servers that hosted both Plaintiff's website and the copyrighted materials from YouTube embedded on the website. (*Id.* ¶ 27). The stream-ripping software then analyzed YouTube's download restrictions and "sent information and applied a software process to enable the reproduction by means of a separate download into a separate and standalone file." (*Id.*). The stream-ripping software "supplied an unauthorized code to" Defendant and Defendant's browser, "which the browser then sent" to the U.S. based servers housing the copyrighted materials. (*Id.*). This mechanism allowed Defendant to "avoid[] and bypass[]" the technological measures in place "in the sense that [Defendant] was able to load Superama's website from the server as though the technological measures did not apply." (*Id.*).

## II.  **DISCUSSION**

Defendant moves to dismiss Plaintiff's FAC on several grounds: (1) improper claims-splitting based on Plaintiff's first action in 2019; (2) *forum non conveniens*; and (3) failure to plausibly allege that circumvention took place in the United States. (*See generally* Motion). The Court will only reach the first argument on claims-splitting.

The Ninth Circuit held in *Adams v. California Department of Health Services* that "[p]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." 487 F.3d 684, 688 (2007), *overruled on other grounds by Taylor v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-0299-MWF (JCx)                    Date:  September 30, 2025**
**Title:        Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.**

*Sturgell*, 553 U.S. 880 (2008).  Accordingly, in the claim-splitting context, "the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion."  *Id.* at 689 (citation omitted).

Defendant argues that the doctrine of claim-splitting bars this entire action because Plaintiff's 2019 lawsuit involved the exact same parties, was based on the same set of facts, and thus could have been conveniently tried in that prior action. (Motion at 8-11).  Plaintiff responds that application of the claim-splitting doctrine requires that the two actions are concurrently pending in the same court and so is inapplicable here.  (Opp. at 11-12).  Defendant contends that there is no such concurrent pendency requirement.  (Reply at 1-3).

While the issue is a close one, Plaintiff ultimately has the better reading of the case law.  Plaintiff points to the Ninth Circuit's language from *Adams*, quoted above, where the Ninth Circuit stated that two cases may not be pending "at the same time" as evidence of a "concurrent pendency" requirement.  (Opp. at 10-11) (emphasis added). Clearly, the plain language of this statement from *Adams* seems to indicate that the doctrine applies where two cases are simultaneously pending.  While the recent Ninth Circuit case *Mendoza v. Amalgamated Transit Union International* focused its articulation of the claim-splitting test on the requirements of the same parties and the same claims, the statement from *Adams* reiterating the "same time" language was nevertheless cited by the *Mendoza* court.  *See* 30 F.4th 879, 886 (9th Cir. 2022).

But most importantly, Defendant does not point the Court to any case law that holds that two cases need not be simultaneously pending for claim-splitting to apply. (*See* Motion at 8-11; Reply at 1-3).  And indeed, upon closer review of the cases cited by both parties, it appears that ***all*** of the cases involved a scenario where two actions were pending simultaneously.  While Defendant is correct that "there is no authority mandating that the cases be co-pending," the Court is reluctant to dismiss with prejudice Plaintiff's claims where no court has applied the doctrine when the two cases are ***not*** co-pending.  (*See* Reply at 2).  Given that the Court is unable to identify even

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-0299-MWF (JCx)                    Date:  September 30, 2025
Title:        Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.

one case where a court applied claim-splitting to a scenario where the two actions were not pending at the same time, the Court declines to apply the doctrine here.

When pressed by the Court at the hearing for any supporting case law, Defendant only pointed to authority that states the "purpose" of the rule is to "protect the defendant from being harassed by repetitive actions based on the same claim." *See Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995) (citing to Rest. (Second) Judgments, § 26 comment a).  But while that may be the general purpose of the doctrine, it does not provide authority for the proposition that the specific doctrine of claim-splitting should apply in cases that are not co-pending.

The Court further notes that this state of affairs makes intuitive sense, since where a first action was litigated through appeal and a judgment affirmed by the appellate court, as here, it is more likely that courts would examine a second lawsuit through the lens of res judicata as opposed to claim-splitting.  While the Court considered converting the claim-splitting arguments by the parties here into ones for res judicata given the close relationship between the two tests, it would ultimately be unfair to do so since the parties have not briefed every element relevant to res judicata — namely, whether there was a final judgment on the merits.  *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 686 (9th Cir. 2005) (articulating elements of res judicata).  While Plaintiff does advance some argument on this point in its Opposition, Defendant does not offer any rebuttal given that it need not show that there was final judgment on the merits under the claim-splitting test.  Therefore, Defendant has not had a fair opportunity to address all of the relevant res judicata issues.

The Court may raise res judicata *sua sponte* so long as the Court allows the parties to submit briefing on the issue.  *Johnson v. Altamirano*, 418 F. Supp. 3d 530, 561 n.9 (S.D. Cal. 2019).  Accordingly, the Court now **ORDERS** Defendant to **SHOW CAUSE** (the "OSC") whether Defendant is entitled to judgment on the basis of res judicata.  The response to the OSC shall not be more than five pages and shall be filed on or before **October 20, 2025**.  Plaintiff's optional reply of no more than five pages shall be filed on or before **October 31, 2025**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 22-0299-MWF (JCx)**                    **Date:  September 30, 2025**
Title:       Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.

The Motion shall be held under submission while the parties respond to the OSC.

IT IS SO ORDERED.